OPINION
{¶ 1} This is an appeal from a judgment of the Lake County Court of Common Pleas, finding that appellants, Heritage Development Company, L.L.C, et al., failed to prove that the residential zoning classification applied to a parcel of property was unconstitutional.
 {¶ 2} The parcel of land at issue in this case is roughly rectangular with an area of approximately sixty-nine acres. Within the parcel are nineteen individual residences. The parcel is zoned residential, with a one-acre minimum lot size. Most of the individual lots are two acres or larger.
 {¶ 3} The parcel is bounded on the east by State Route 91, a five-lane state highway. To the west lies Interstate 90, a ten-lane interstate highway. In the years since the majority of the homes were built on the parcel, traffic has increased on both thoroughfares.
 {¶ 4} The southern edge of the parcel abuts a residential development named Morningstar. To the north of the parcel is an office building. Across State Route 91 lie residential developments named Glenn Kyle and Timberline Estates. Manakiki Golf Course also lies on the opposite side of State Route 91. Along the western edge of the property is an easement for high-tension power lines, which has been in effect for approximately twenty-five years. In addition, the parcel and much of the city lie near the flight pattern of the Cuyahoga County Regional Airport.
 {¶ 5} At the trial of appellants' declaratory judgment action, appellants offered the testimony of several of the property owners within the parcel. They testified that the residential nature of the property has decreased, the levels of traffic and noise have increased on State Route 91 and Interstate 90, and that lights from the interstate and noise from planes flying overhead were bothersome. They expressed their belief that the area was no longer suitable residential property.
 {¶ 6} Appellants also offered the testimony of two expert witnesses. Robert C. Hill, a community planner, testified that the area had lost its residential character because of the traffic and the high-tension power lines. He concluded that there was no reasonable relationship between the zoning classification and protection of the health, safety, and welfare of the city. Roger D. Ritley, an economist/appraiser, compared the property to other property which was the subject of Shemo v. City of Mayfield Hts. (2000), 88 Ohio St.3d 7. He concluded that the property in the present case was subject to worse conditions than that in Shemo, a case in which the Supreme Court of Ohio affirmed a lower court's finding that a zoning ordinance was unconstitutional.
 {¶ 7} Appellee, the City of Willoughby Hills, presented the testimony of Father George Smiga ("Father Smiga"), a resident of one of the lots in the subject parcel since 1991. He testified that he had not suffered any of the negative effects about which appellants' witnesses had testified. He testified that he had not been bothered by noise or traffic from either State Route 91 or Interstate 90, or by air traffic from the nearby airport.
 {¶ 8} The city also presented the testimony of two residents of the residential developments situated across State Route 91 from the parcel. Both witnesses testified that they had not suffered any noise interference from either the roadways or the airport. One of the witnesses testified that he found the traffic on State Route 91 to be light at times other than rush hour. He also explained that he built his house in the area, approximately six years ago, because it was a residential area that possessed a country-like atmosphere. He expressed concern that commercial development, such as that suggested by appellants, would bring increased traffic and, had the proposed development been in existence, he would never have built a home in the neighborhood.
 {¶ 9} The city also presented the testimony of David Hartt, an urban planner. He testified that the property is suitable for residential use. He also testified that the proposed development would change the character of the surrounding property by increasing traffic, noise, and light from parking lots in the area.
 {¶ 10} Willoughby Hills' Mayor Morton O'Ryan ("Mayor O'Ryan") testified that the city's Master Plans provide for commercial development at freeway interchanges, but this parcel is outside of the freeway interchange area and remains suitable for residential development. He also testified that the city has reached its goals for commercial development.
 {¶ 11} The trial court found that appellants failed to prove, beyond fair debate, that the zoning of the property was unconstitutional.
 {¶ 12} Appellants present the following assignment of error:
 {¶ 13} "The trial court erred in determining that Appellants failed to demonstrate, beyond fair debate, that the residential zoning classification applied to the Property [sic] was constitutional."
 {¶ 14} Appellants essentially argue that the trial court's decision that they failed to prove, beyond fair debate, that the zoning classification was unconstitutional was against the manifest weight of the evidence.
 {¶ 15} When reviewing a trial court's judgment, an appellate court must make every reasonable presumption in favor of the trial court's ruling. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77. In addition, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 16} When a property owner attempts to prove that a zoning ordinance is unconstitutional, the court must begin with the presumption that the zoning ordinance is constitutional. Cent. Motors Corp. v. PepperPike (1995), 73 Ohio St.3d 581, 583-584. The court maintains this presumption of constitutionality until the "property owner challenging the ordinance proves, beyond fair debate, that the ordinance is `arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community.'" Shemo v. MayfieldHts. (2000), 88 Ohio St.3d 7, 10, quoting Goldberg Cos., Inc. v. RichmondHts. City Council (1998), 81 Ohio St.3d 207. It is well settled that "a municipality may properly exercise its zoning authority to preserve the character of designated areas in order to promote the overall quality of life within the city's boundaries." Cent. Motors Corp, supra at 585.
 {¶ 17} There is little difference between the "beyond fair debate" standard and the "beyond a reasonable doubt" standard. Id. at 584. The validity of the ordinance is "fairly debatable" when reasonable minds may differ. Duffy v. Bd. of Bldg. and Zoning Appeals of City of WilloughbyHills (Aug. 21, 1992), 11th Dist. No. 91-L-068, 1992 WL 207824, at *5. A difference of expert opinion alone, however, does not make an issue fairly debatable. Id. "Whether the matter is fairly debatable is determined by the basic physical facts relevant to the issue of validity and not on words or opinions." Id.
 {¶ 18} Because the facts adduced at trial create a fair debate as to the constitutionality of the zoning ordinance as it applies to the property, the trial court's judgment was not against the manifest weight of the evidence.
 {¶ 19} The city offered the testimony of Father Smiga that he had experienced none of the difficulties with traffic noise from Interstate 90 or State Route 91, had not been disturbed by air traffic, or had difficulty because of traffic on State Route 91, and was not aware that there were high-tension power lines near the property. In addition, Father Smiga testified that he appreciated the residential character of the neighborhood and expressed his opinion that changing the zoning of the area would significantly change the surroundings.
 {¶ 20} Testimony was also offered from residents of the housing developments on the east side of State Route 91. One of the residents has lived, since 1955, on a lot that fronts State Route 91. The witnesses attested that they had not been bothered by noise from the interstate or State Route 91, had not been bothered by traffic on State Route 91, and were not disturbed by air traffic, from the nearby airport.
 {¶ 21} Mayor Morton O'Ryan testified that the city's Master Plan provided the following community goals: "to preserve and enhance the quality of life for city residents, *** to maintain the present country living image and lifestyle, *** [and] to minimize the impacts of commercial multi-family uses on single family residential neighborhoods." Mayor O'Ryan testified that the Master Plan also provides that, "[t]o preserve the country character of the community, [commercial] uses should only be permitted at the freeway interchange areas and at the intersection of Chardon Road with Bishop." He also testified that, while the office complex to the north of the property was in the freeway interchange area, the property itself was not within such an area.
 {¶ 22} In view of the conflicting evidence presented to the trial court, the trial court did not err in finding that appellants failed to prove beyond fair debate that the zoning ordinance was arbitrary and unreasonable.
 {¶ 23} Appellants argue that the facts in the case at bar are so similar to the facts in Shemo, supra, that the trial court erred in failing to find the zoning classification unconstitutional, in this case. First, we note that, in Shemo, the Supreme Court of Ohio decided that the trial court's judgment, holding the zoning ordinance unconstitutional, was not against the manifest weight of the evidence. In the case at bar, appellants are asking this court to do just the opposite — find that the trial court's judgment that the zoning ordinance is constitutional was against the manifest weight of the evidence. InShemo, the Supreme Court of Ohio made every reasonable presumption in favor of the trial court's judgment that the ordinance was unconstitutional; in the present case, we must engage in every reasonable presumption in favor of the trial court's judgment that the ordinance was constitutional. Seasons Coal, supra.
 {¶ 24} In Shemo, the parcel of land was less than half the area of the parcel at issue in this case, the parcel was irregularly shaped, the land was undeveloped, a power company easement encumbered a large portion of the parcel, and the parcel was on a level grade with the adjacent interstate. In the present case, the parcel is significantly larger, is laid out in orderly lots larger than one acre, is currently used for single-family residences, the high tension line easement impacts only a few of the lots in the parcel, and is on the extreme western edge of the parcel, and the parcel is elevated above the level of the interstate by about fifty feet. Thus, the present case differs factually from Shemo, and, engaging in every reasonable presumption in favor of the trial court's judgment, the trial court did not err by failing to reach the same conclusion as the trial court in Shemo.
 {¶ 25} Appellants' assignment of error is without merit.
 {¶ 26} Based on the foregoing, the judgment of the Lake County Court of Common Pleas is hereby affirmed.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.