OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Carl Thompson, appeals from a final judgment of the Ravenna Division of the Portage County Municipal Court entered in favor of appellee, Daniel W. Goodwin.
 {¶ 2} On September 11, 2000, appellee filed a small claims action in the Ravenna Division of the Portage County Municipal Court against appellant and his wife, Donna Thompson. Appellant and his wife subsequently filed a counterclaim against appellee requesting damages that exceeded the jurisdictional limit of the small claims court. As a result, the trial court transferred the case to the regular docket of the Portage County Municipal Court.
 {¶ 3} The matter proceeded to a bench trial on October 24, 2001, during which appellee and appellant were the only witnesses to testify. According to appellee, he and appellant entered into a one-year agreement in March 1999 for the design and maintenance of a website for appellant's business. Appellee testified that after the expiration of the one-year agreement, appellant asked appellee to continue working on the website and to do other related services. In return for his assistance, appellee claimed that appellant promised to pay him from proceeds generated by a convention appellant was then organizing. However, appellant did not pay appellee after the convention concluded, despite the fact that appellee sent appellant an itemized bill totaling $2,100 for the extra work.
 {¶ 4} Appellant testified that although he had asked appellee to perform some work related to the website and to the convention, he had already paid appellee for his services. As for the remainder of the work appellee claimed he performed, appellant stated that he never authorized appellee to undertake those projects.
 {¶ 5} The trial court considered the evidence, and issued a judgment entry on December 3, 2001. In its entry, the court first dismissed Donna Thompson from the case, as there was no evidence of any agreement between her and appellee. The trial court, however, found that "[t]here were *** oral agreements for work to be done" between appellee and appellant and that appellee had performed the requested work. As a result, the court awarded appellee $2,100 plus interest.
 {¶ 6} From this decision, appellant filed a timely notice of appeal with this court. He now offers the following assignments of error for our consideration:
 {¶ 7} "[1.] The [T]rial Court erred in finding in favor of the Appellee absent a written agreement.
 {¶ 8} "[2.] The [T]rial Court's judgment is against the manifest weight of the evidence."
 {¶ 9} Because appellant's assignments of error present related issues, we will consider them in a consolidated manner. Appellant first argues that any alleged agreement between the parties is unenforceable as it violated the Statute of Frauds. In the alternative, appellant maintains that even if there were an enforceable agreement, the trial court's judgment is against the manifest weight of the evidence because appellee failed to provide any evidence detailing the services he provided and the value of those services.
 {¶ 10} The record shows that appellant did not assert the Statute of Frauds as an affirmative defense in the trial court. Accordingly, he cannot now raise this issue for the first time on appeal. Ford v. TandyTransp., Inc. (1993), 86 Ohio App.3d 364, 381 (holding that "the Statute of Frauds is an affirmative defense which is generally waived if not raised in the pleadings.").
 {¶ 11} We must next determine whether the trial court's judgment is against the manifest weight of the evidence. In Ohio, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. As the trier of fact is in the best position to view the witnesses and their demeanor, this court must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact when determining whether a judgment is against the manifest weight of the evidence. Shemo v. Mayfield Hts.,88 Ohio St.3d 7, 10, 2000-Ohio-258.
 {¶ 12} In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court findings."State ex rel. Celebrezze v. Environmental Enterprises, Inc. (1990),53 Ohio St.3d 147, 154. Thus, in the event that the evidence is reasonably susceptible to more than one interpretation, this court must construe it consistently with the lower court's judgment. Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 19.
 {¶ 13} Both parties agree that there was a written contract covering the work appellee completed between March 1999 and March 2000, and that appellant paid appellee in accordance with that agreement. Moreover, appellee conceded at trial that there was no similar written agreement setting out the parties' respective duties and obligations for the work he performed from March 2000 to July 2000. However, appellee testified that appellant orally asked him to do the work itemized in the submitted invoice.
 {¶ 14} The trial court found that when the parties' original agreement expired at the end of one year, appellant and appellee renegotiated and then entered into several oral agreements for the work now in question. In other words, the trial court concluded that the parties essentially continued their business relationship when appellant asked appellee to do additional work and appellee agreed to do so.
 {¶ 15} To have a valid and enforceable contract, there must be an offer by one party and an acceptance of the offer by another. Huffman v.Kazak Bros., Inc. (Apr. 12, 2002), 11th Dist. No. 2000-L-152, 2002 WL 549858, at 4. That is to say, when entering into a contract, "parties must have a distinct and common intention which is communicated by each party to the other." McCarthy, Lebit, Crystal Haiman Co., L.P.A. v.First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, 620.
 {¶ 16} Here, there was evidence that appellant asked appellee to do additional work. Accordingly, we conclude that the trial court properly found that the parties did enter into valid and enforceable oral contracts, and that appellee was entitled to be compensated.[1]
 {¶ 17} The question now becomes whether appellee provided any evidence concerning the services actually performed and their value. After carefully considering the record, we conclude that the trial court's judgment awarding appellee $2,100 is supported by competent, credible evidence. Despite appellant's position, there is evidence detailing the services appellee provided. In particular, appellant introduced into evidence the invoice he had previously sent to appellant prior to filing his complaint. This invoice itemized the work appellee provided at appellant's request, including both the service itself and the total cost of each service.
 {¶ 18} As for the value of those services, appellee testified that the prices listed in the invoice represented the amount he charged at the time for doing that particular project. Furthermore, contrary to what he argues on appeal, the trial court did not place the burden of establishing the value of appellee's work on appellant. Rather, the trial court merely found that appellant had presented no evidence to show that the "charges are other than reasonable or customary."
 {¶ 19} The trial court was obviously in the best position to weigh the evidence after hearing the testimony and judging the credibility of both appellant and appellee. This court will not substitute our judgment in place of the trial court's in this matter because there was some competent, credible evidence to support the court's decision.
 {¶ 20} Therefore, appellant's two assignments of error are not well-taken. The judgment of the trial court is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] Appellant argues that the only way the trial court could have found in appellee's favor is through quantum meruit, which is ordinarily "awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered." Aultman Hosp. Ass'n v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, 55. See, also, B-Right Trucking Co. v. Warfab FieldMachining Erection Corp. (Dec. 14, 2001), 11th Dist. No. 2000-T-0072, 2001 WL 1602687, at 6. Quantum meruit, however, is not applicable in this case because the trial court actually found that the parties had entered into oral contracts for the work.