OPINION
{¶ 1} Appellant, Marilyn Morris, appeals from a final judgment of the Ashtabula County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On March 11, 2002, appellee, John Poss, filed a motion asking the trial court to order appellant to cooperate with a property survey. The purpose of the survey was to determine what portion of the approximately seventeen acres owned by appellant she was required to convey to appellee in accordance with the parties' 1993 settlement agreement. Appellee attached to his motion a copy of a December 13, 2001 judgment entry issued by the United States Bankruptcy Court, Northern District of Ohio. This entry ordered the parties "to obtain a determination by [the Ashtabula County Court of Common Pleas] of what specific property constitutes the 7.735 acre parcel which is exempt from property of the Debtor's [appellant's] estate and which is to be conveyed by the Debtor to [appellee]."
 {¶ 3} The trial court conducted an evidentiary hearing on June 18, 2002. Following the hearing, the trial court considered the evidence and issued a decision in which the court concluded that the 7.735 acres appellant was to transfer to appellee constituted the same 7.735 acres described in the first paragraph of the 1993 settlement agreement. In addition, the court also ordered appellant to cooperate with a survey of that 7.735 acres "so as to effectuate the transfer of title of this property to the plaintiff, John Poss, forthwith."
 {¶ 4} From this decision, appellant filed a timely notice of appeal with this court. She now submits the following assignments of error for our consideration:
 {¶ 5} "[1.] The trial court erred to the substantial prejudice of appellant when it took action upon a purported or alleged order of the U.S. Bankruptcy Court when appellee did not prove the existence of such order or judgment of the U.S. Bankruptcy Court[.]
 {¶ 6} "[2.] The trial court acted without jurisdiction when it rendered its judgment of July 15, 2002 and thereby made a determination about which of appellant's lands are impressed with the 7.735 acre constructive trust, and when it ordered cooperation and an actual conveyance[.]
 {¶ 7} "[3.] The trial court erred to appellant's prejudice when in making an equitable determination it showed a clear lack of willingess [sic] to keep an open mind and consider all of the facts and circumstances, choosing instead to strictly impose a finding reflecting what the parties had originally intended and rejecting evidence tending to show all factors[.]"
 {¶ 8} In her first and second assignments of error, appellant essentially argues that the trial court erred in granting appellee judgment. She maintains that because appellee never established the existence of a judgment entry from the bankruptcy court ordering the parties to take this action the trial court did not have jurisdiction to consider appellee's motion. Appellant also claims that even if the order had been properly filed with the trial court, the court did not have the authority to order appellant to cooperate with the survey and, once the survey was completed, convey the property to appellee.
 {¶ 9} Appellant is correct that a copy of the bankruptcy court's December 13, 2001 judgment entry was never filed with the trial court.[1]
Nevertheless, appellee attached a copy of the order to his motion asking the trial court to compel appellant's cooperation. Accordingly, both appellant and the trial court were aware of the contents of the bankruptcy court's decision. Moreover, at no time did appellant object to the trial court's taking action in this matter. In fact, appellant actively participated in the proceedings, and even acknowledged that the trial court was obligated to determine what portion of her seventeen acres she was required to transfer to appellee.
 {¶ 10} There is also no question that the trial court had jurisdiction over this matter. At the time appellant filed for bankruptcy in 1995, the parties were already before the trial court litigating issues concerning their settlement agreement. When appellant filed for bankruptcy, however, the trial court was required to issue a stay until the bankruptcy proceedings concluded. Thus, the trial court never lost jurisdiction over this case.
 {¶ 11} As to this last point, the bankruptcy court's judgment entry clearly indicated that it was modifying the automatic stay so that the trial court could decide what property appellant was required to convey to appellee. There is nothing within that mandate which would suggest appellee had to file a separate cause of action to comply with the bankruptcy court's directive.
 {¶ 12} Moreover, although appellant argues that the court ordered her to convey the property to appellee once the survey was completed, the trial court's judgment actually only requires appellant to cooperate with the survey "to effectuate the transfer of title to [appellee.]" As a result, while the court's order will obviously assist with the transfer of title, it does not compel appellant to do so at this time. Appellant's first and second assignments of error are not well taken.
 {¶ 13} Under assignment of error three, appellant argues that the evidence in the record does not support the trial court's judgment. She claims that before making a decision, "the trial court had a responsibility to at least consider the views of the parties, the merits upon the issues, the desires of the parties, as well as the needs and life situations of the parties."
 {¶ 14} Appellant believes that the trial court's decision is inequitable because the court failed to give serious thought to "a wide range of factors, including the past conduct of the parties, their reasonableness in dealing with another, their overall life circumstances, their respective needs, their respective security in life or lack of same, their association with the realty at issue, and other factors as well." Unfortunately for appellant, the question of whether their settlement agreement is now fair was not at issue in this particular case, and appellant cannot take this opportunity to relitigate issues already decided.[2] The sole purpose of the bankruptcy court's order was to determine the property encompassed by the settlement agreement. The trial court was not obligated, and more importantly, did not have the authority, to determine whether the agreement was equitable. Appellant should not be rewarded for her refusal to honor the parties original agreement simply because their relative positions have changed since 1993.[3]
 {¶ 15} With that in mind, we must still decide whether the trial court's judgment is against the manifest weight of the evidence. In Ohio, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. As the trier of fact is in the best position to view the witnesses and their demeanor, this court must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact when determining whether a judgment is against the manifest weight of the evidence. Shemo v. Mayfield Hts., 88 Ohio St.3d 7, 10, 2000-Ohio-258.
 {¶ 16} In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court findings."State ex rel. Celebrezze v. Environmental Enterprises, Inc. (1990),53 Ohio St.3d 147, 154. Thus, in the event that the evidence is reasonably susceptible to more than one interpretation, this court must construe it consistently with the lower court's judgment. Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 19.
 {¶ 17} After reviewing the record, we conclude that the trial court's judgment is not against the manifest weight of the evidence. During the hearing, both sides presented evidence and testimony as to what they believed the 1993 agreement provided. Included in that evidence was a copy of the parties' settlement agreement that incorporated a survey outlining the property appellant was to convey to appellee. Specifically, the survey identified a 5.23-acre parcel along the western end of appellant's property and a 2.505-acre tract immediately contiguous to the 5.23 acres. Although appellant argues that the settlement agreement is vague, the trial court concluded, and we agree, that the court should neither "apply a tortured reading of the language of the settlement agreement, [nor should it] use `equitable' arguments to defeat the obvious intention of the parties." Appellant's third assignment of error is without merit.
 {¶ 18} Pursuant to the foregoing analysis, appellant's three assignments of error have no merit. The judgment of the trial court, therefore, is affirmed.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.
[1] In its judgment entry, the bankruptcy court directed the clerk to transmit a copy of its order to the "Clerk of the Court of Common Pleas for Ashtabula County, Ohio, as well as to counsel for the parties." A review of the record, however, reveals that the trial court never received a copy.
[2] This is not the first time the parties have been before this court. See Poss v. Morris (Mar. 29, 1996), 11th Dist. No. 94-A-0042, 1996 WL 200614; Poss v. Morris (Mar. 29, 1996), 11th Dist. No. 95-A-0052, 1996 WL 210766.
[3] Even though appellant argues that the trial court should have considered the equities involved in this case, she admits that the "the [bankruptcy court's] referral was made simply for a determination about what 7.735 acres should be subjected to the constructive trust[.]"