DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment by the Lucas County Court of Common Pleas granting appellant an award of $109. Appellee admitted negligence. Appellee denied proximate cause. Following a two day jury trial, the jury determined that the bulk of appellant's claimed damages were not proximately caused by the accident. Appellant was awarded $109 in damages. Appellant filed a timely notice of appeal. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant, Artemis Y. Gross, sets forth the following single assignment of error:
 {¶ 3} "The jury verdict and judgment on said verdict was against the manifest weight of the evidence and should be reversed and a new trial granted in this matter."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. This case stems from a May 19, 2001 motor vehicle accident between appellant and appellee on I-475 in Lucas County, Ohio. Appellant filed suit against appellee claiming total damages of $29,000. Appellant's claimed damages are comprised of $15,000 in medical damages and $14,000 in lost earnings.
 {¶ 5} Appellant owns a large farm in Wood County, Ohio, where she raises wolves and llamas. In addition to farming and raising animals, appellant is a nurse. Following this accident, appellant missed several months of work as a nurse at a facility where she was employed. This missed work is the basis of her lost wages claim.
 {¶ 6} The case went to jury trial on April 25, 2005. Appellee conceded negligence prior to trial. Proximate cause and damages were contested at trial. In an effort to establish proximate cause, appellant offered the medical testimony of two treating physicians, Dr. Habusta and Dr. Nielsen. During cross-examination of the physicians, appellee elicited testimony which revealed that appellant failed to fully disclose a lengthy history of past motor vehicle accidents, injuries, symptoms, and treatment to her physicians. Dr. Habusta and Dr. Nielsen based their causation opinions upon a partial, incomplete medical history of appellant. It was shown that the missing information would have been relevant to their analysis.
 {¶ 7} In support of her lost wages claim, appellant offered the testimony of a close personal friend and business partner, Cheryl Drew. Appellant did not produce independent employer documentation or verification in support of her lost wages claim. Drew had served in a supervisory position for the employer. While under cross-examination, Drew failed to furnish any persuasive or compelling rationale regarding the absence of business records from the employer in support of the claimed lost wages.
 {¶ 8} At the conclusion of a two day trial, the jury concluded appellant had failed to establish proximate cause against appellee for the bulk of claimed damages. The jury awarded $109 to appellant in compensation for an initial office visit with Dr. Nielsen. Appellant asserts this verdict and award is contrary to the manifest weight of the evidence.
 {¶ 9} In her single assignment of error, appellant asserts the jury verdict and judgment are against the manifest weight of the evidence and should be reversed. In support, appellant claims she presented uncontroverted evidence of proximate cause. This court has carefully reviewed the trial court record to analyze the veracity of appellant's assertion that proximate cause was established, rendering the verdict against the manifest weight of evidence. Our review of the record reveals pervasive and critical evidentiary contradictions and weaknesses relevant to proximate cause.
 {¶ 10} A trial court judgment with credible evidentiary support will not be reversed on appeal as having been against the manifest weight of the evidence. Shemo v. Mayfield Hts. (2000),88 Ohio St.3d 7, 10. The reviewing court must presume the trial court's factual findings are correct given the trial court's uniquely superior position in accurately reviewing and weighing the credibility of the evidence and witnesses. Pursuant to this deferential standard of review, it is not relevant whether we would have come to the identical conclusion as the trial court. The trial court judgment cannot be disturbed so long as it is rooted in competent, credible evidence. Piekutowski v. SouthCentral Ohio Edn. Serv. Ctr., 161 Ohio App.3d 372, at ¶ 12.
 {¶ 11} The trial court record contains key instances of causation evidence which eroded the credibility of appellant's witnesses. The record shows that appellant was involved in at least four motor vehicle accidents prior to her collision with appellee. The record shows that appellant suffered similar injuries and symptoms following past collisions as she is claiming in this case. Most critically, the record shows that appellant failed to fully disclose these past accidents, injuries, and symptoms in her deposition and to her treating physicians prior to their forming opinions in this case.
 {¶ 12} When confronted with the conflicts and medical history gaps during trial, appellant unconvincingly testified, "I was mistaken." Her claim of a mere oversight or incomplete memory on such highly relevant matters is not persuasive. The record shows that Dr. Habusta and Dr. Nielsen did not possess a full, relevant medical history of appellant's multitude of past accidents and injuries prior to reaching their opinions which formed the basis of appellant's claims.
 {¶ 13} Appellant failed to disclose her complete medical history to her treating physicians. Appellant gave contradictory testimony at deposition and trial on her medical history. Appellant failed to prove proximate cause for her medical damages. Appellant failed to provide objective evidence verifying her lost wages claim. The record shows there is a competent and credible evidentiary basis in support of the judgment and verdict in this matter.
 {¶ 14} The record contains credible evidence in support of the trial court's determination that appellant failed to prove proximate cause and failed to prove lost wages. The judgment and verdict are supported by the evidence presented to the jury. Appellant's assignment of error is not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. concur.