[Cite as *In re W.P.*, 2012-Ohio-3759.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

IN THE MATTER OF W.P.                          :

                                               :     Case No.   12CA687

   ADJUDICATED
    DELINQUENT CHILD.

                                               :

                                               :     DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Benjamin E. Fickel, 47 North Market Street, Ste. 208,
                            Logan, Ohio 43138

COUNSEL FOR APPELLEE:       Austin B. Campbell, Vinton County Prosecuting Attorney,
                            and Michael D. Miller, Vinton County Assistant
                            Prosecuting Attorney, 100 East Main Street, McArthur,
                            Ohio 45651

CIVIL APPEAL FROM COMMON PLEAS COURT, JUVENILE DIVISION
DATE JOURNALIZED: 8-10-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Vinton County Common Pleas Court, Juvenile Division,

judgment of disposition.   W.P., defendant below and appellant herein, admitted to the

unauthorized use of a motor vehicle, in violation of R.C. 2903.13(A), and was adjudicated a

delinquent child.   Appellant assigns the following errors for review:

      FIRST ASSIGNMENT OF ERROR:

      "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
      APPELLANT WHEN IT ORDERED RESTITUTION
      CONTRARY TO THE MANIFEST OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN ORDERING APPELLANT TO
PAY AN AMOUNT OF RESTITUTION THAT WAS NOT
ESTABLISHED TO A REASONABLE DEGREE OF
CERTAINTY."

{¶ 2}   Dale Zinn purchased a 1999 Cavalier for his teenage daughter's use.   On August 15, 2011, Zinn's daughter (E.Z.) and some friends, including the appellant,) drove to Lake Alma.  Appellant and another friend eventually took E.Z.'s keys and drove away.   The vehicle apparently struck a sizeable pothole that caused significant damage and rendered the vehicle undriveable.

{¶ 3}   On August 25, 2011, a complaint was filed that alleged W.P. to be a delinquent child for having committed (1) grand theft of an automobile, and (2) criminal damaging. Appellant later admitted to an amended charge of unauthorized use of a motor vehicle and the State dismissed the criminal damaging charge.   The matter then came on for a dispositional hearing and Dale Zinn testified about the vehicle repair costs.

{¶ 4}   Subsequently, the trial court entered judgment and (1) gave W.P. a ninety day suspended sentence at a juvenile detention center, and (2) ordered W.P. to pay Dale Zinn $1,498 in restitution. This appeal followed.

{¶ 5}   We jointly consider appellant's two assignments of error because they both assert that the restitution order is not supported by the evidence.   Dale Zinn testified that he paid $50 for the tow and $1,428 for repairs.   The trial court accepted Zinn's testimony and ordered that amount be paid for restitution.   Appellant, however, challenges that order for two reasons.

{¶ 6}   First, appellant argues that the trial court's decision is against the manifest weight

of the evidence.  Generally, courts will not reverse a judgment as being against the weight of the evidence if the judgment is supported by some competent, credible evidence.  *Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), at the syllabus.   This standard of review is highly deferential and even "some" evidence is sufficient to support a trial court's judgment.  *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (2nd Dist. 1999); *Willman v. Cole*, 4th Dist. No. 01 CA725, 2002-Ohio-3596, at ¶24.   The reason for such deference is that a trial court is in the best position to view witnesses and to observe their demeanor, gestures, and voice inflections and to use those observations to weigh witness credibility.   See *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *Jones v. Jones*, 4th Dist. No. 07CA25, 2008-Ohio- 2476, at ¶18.

{¶ 7}   In the case sub judice, Dale Zinn's testimony, if believed, as the court apparently did, constitutes ample evidence of damages.   The crux of this assignment of error, however, seems to lie not so much with the trial court's acceptance of Zinn's testimony as it does with the court's rejection of W.P.'s and his friend's testimony as being not credible.   In a manifest weight review, the pivotal inquiry focuses on the witnesses the trier of fact believed, rather than those it may have disbelieved.   In other words, even if a court found all of the witnesses credible, it could still choose to afford greater weight to Dale Zinn as it apparently did here.   We also again emphasize that here the trial court served as trier of fact and observed the gestures and voice inflections of the witnesses.   We thus find no merit to this argument.

{¶ 8}   Appellant also argues that the amount of restitution was not established to a reasonable degree of certainty.   R.C. 2152.20(A)(3) expressly allows for a restitution order to be

based on an amount "recommended by the victim."   This is what the trial court did.   Appellant asserts that no receipts were submitted to the court.   However, none were required.   The statute lists a number of factors that a trial court may consider when imposing restitution and receipts are one factor, while victim testimony is another.

{¶ 9}   In the case at bar, one of the costlier parts of the repair was the transmission. Appellant argues that no certified mechanic presented evidence that the accident damaged the transmission.   That argument certainly goes to the weight of evidence, but, so too, would Dale Zinn's testimony that when he located the vehicle he found parts of the transmission laying on the ground, as well as transmission fluid.   This evidence reasonably supports a conclusion that the transmission had been damaged in the mishap and needed repair.

{¶ 10}  Finally, appellant points to testimony that E.Z. was seen driving the car numerous times before the transmission was allegedly repaired.   Here again, the credibility of witness testimony is an issue for the trier of fact.   The trial court did not find appellant or his friend credible on this point, and we will not disturb that ruling.

{¶ 11}  For all these reasons, we find no merit in the two assignments of error and both are hereby overruled.   Having considered the two errors assigned and argued, and having found merit in neither, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County

Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.