[Cite as *Burke v. French*, 2015-Ohio-4558.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD BURKE, et al., | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs - Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMIE M. FRENCH, et al., | : | Case No. 15CA8 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Court
of Common Pleas, Juvenile Division,
Case No. 212-3155

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     November 2, 2015

APPEARANCES:

For Plaintiffs-Appellees

HARLOW H. WALKER
120 1/2 East High Street
Mount Vernon, Ohio 43050

For Defendant-Appellant Jamie French

D. DERK DEMAREE
205 E. Chestnut Street
POB 766
Mount Vernon, Ohio 43050

*Baldwin, J.*

{¶1} Appellant Jamie M. French appeals a judgment of the Knox County Common Pleas Court, Juvenile Division, overruling her motion to modify a court order as to counseling. Appellees are Donald and Susan Burke.

## STATEMENT OF FACTS AND CASE

{¶2} Q.B., a minor child, was born on May 8, 2008 to appellant. Appellees are appellant's parents and the grandparents of the child . On November 8, 2012, appellees filed a complaint for grandparent visitation pursuant to R.C. 3109.12.

{¶3} On June 4, 2013 the parties filed a joint Memorandum of Agreement. The handwritten agreement stated that the parties "shall pursue counseling with Jeannette Hammond (or another qualified clinician) to work on interpersonal & historical matters between themselves, and on matters concerning [Q.B.]'s best interests."

{¶4} The agreement was signed and approved by the magistrate on June 4, 2013.

{¶5} On August 9, 2013, appellees filed a Motion to Show Cause, alleging that appellant failed to comply with the court order on three bases: denial of companionship time, video recording of companionship time, and failure to pursue counseling. A show cause hearing was scheduled for September 19, 2013.

{¶6} On September 24, 2013, a Magistrate's Decision was filed. The findings of fact stated that appellant "unilaterally discontinued counseling with Jeannette Hammond due to differences with the counselor." The magistrate found appellant in contempt of the court order due to her denial of companionship, videotaping of the exchange, and discontinuance of counseling. Appellant was ordered to serve a jail term of 30 days, with

5 of those days being "actual incarceration for violation of the prohibition regarding videotaping or recording, an act of criminal contempt for which no purge condition is possible." On January 9, 2014, the trial court filed a Judgment Entry reducing appellant's jail time to 2 days, noting "[w]hile the Court cannot and will not tolerate direct disobedience of its orders, the punishment must fit the nature and extent of the offense."

{¶7} This Court affirmed the contempt finding, holding in pertinent part, "The trial court's decision finding appellant in contempt is not unreasonable, arbitrary, or unconscionable because it is evident from her own admissions Mother did not abide by the terms of the agreement and sought to hold Grandparents to terms not included in the parties' agreement. Mother has essentially attempted to re-write the terms of the agreement to her own ends, thereby overriding the terms and spirit of the agreement and flouting the authority of the Court." *Burke v. French,* 5th Dist. Knox No. 14CA1, 2014-Ohio-3217, ¶27.

{¶8} On December 16, 2014, appellant filed a motion to modify the court order as to counseling. She alleged that the counselor had not been receptive to information provided by the parties, and asked to have a different counselor selected. The magistrate overruled the motion, finding that appellant failed to demonstrate any bias on the part of the counselor.

{¶9} The court held an evidentiary hearing on appellant's objections to the magistrate's decision. The court entered judgment overruling the objections and entering judgment in accordance with the magistrate's decision.

{¶10} Appellant assigns a single error on appeal:

{¶11} "THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Company,* 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978). As the trier of fact is in the best position to view the witnesses and their demeanor, in making a determination that a judgment is against the manifest weight of the evidence, this Court must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. *Shemo v.. Mayfield* Hts., 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000).

{¶13} Appellant testified at the hearing that she felt her concerns were not important to the counselor, Jeanette Hammond, and that issues she raised were "brushed off." Appellant in particular sought to discuss her son being exposed to cigarette smoke during visits, and testified that the counselor told her she was an ex-smoker and knows how the smell of smoke can get on clothing. She also was concerned that she did not receive a response to issues she raised in emails to Hammond.

{¶14} Jeanette Hammond testified that she only met with appellant four times: three times either individually or with appellant's husband, and once in 2014 with all parties present. She testified that she believed they could move forward if all parties had more sessions with her, but she had experienced scheduling problems with appellant. She testified that she addressed appellant's concerns with her father smoking and drinking in front of the child at the meeting between all the parties. She further testified that she had not had an opportunity to move the parties beyond what has happened in

the past because she only had one session with all the parties present. She acknowledged receipt of appellant's email regarding appellant's concern that she sided with appellees on the issue of smoking because she was an ex-smoker, and testified that she did not like to address specific counseling issues by email and would address such matters at the next meeting.

{¶15} The trial court did not err in overruling appellant's motion to remove the counselor. The counselor had only had one meeting with all parties present. The fact that the counselor formerly smoked and expressed that to appellant is not sufficient demonstration of bias against appellant to discontinue counseling after a single meeting. The counselor testified that she felt the parties could possibly move forward if all parties had more sessions with her, both individually and jointly.

{¶16} The assignment of error is overruled. The judgment of the Knox County Common Pleas Court, Juvenile Division, is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.