[Cite as *Carder v. B & H Towing*, 2016-Ohio-7374.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GREG CARDER | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| B & H TOWING | : | Case No. CT2016-0031 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Zanesville Municipal Court, Case No. 15CV100711

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     October 11, 2016

APPEARANCES:

For Plaintiff-Appellant

GREG CARDER, pro se
449 Fisher Lane
Zanesville, Ohio 43701

For Defendant-Appellee

B & H TOWING, pro se
1504 Beech Street
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1} Appellant Greg Carder appeals a judgment of the Zanesville Municipal Court in favor of appellee B & H Towing on a small claims complaint concerning the return of appellant's truck.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 26, 2015, appellant received a citation from the Ohio State Highway Patrol for speeding, failure to wear a seat belt, and fictitious registration. The vehicle was towed to appellee's storage lot. Appellant was convicted of all three charges on November 24, 2015.

{¶3} On December 2, 2015, appellant filed a small claims action against appellee for "refusal to return truck and excessive charges in disregard to Ohio Revised Codes plus contents of truck and damages to truck." Appellant claimed appellee refused to return the truck, appellee charged a rate in violation of the Ohio Revised Code, and appellee had damaged appellant's truck.

{¶4} The case proceeded to a small claims hearing on June 15, 2016. Appellant stated that he went to appellee's place of business on October 26, 2015, to get his truck out of impound, and appellee refused to give him the vehicle. Appellee denied that appellant came on that date, but testified that when appellant did finally appear to get his truck, he refused to pay the bill that was presented. Neither party presented evidence other than their own testimony.

{¶5} Based on the evidence, the court concluded that appellee did not refuse to return appellant's truck, did not charge a rate prohibited by law and did not damage the truck. Appellant filed a notice of appeal to this Court. Because the audio recording of the

hearing was lost, the court asked the parties to file statements of the evidence pursuant to App. R. 9(C). Appellant filed a proposed statement of the evidence; appellee did not file a proposed statement of the evidence. The trial court reviewed appellant's statement, and adopted its own statement of the evidence pursuant to App. R. 9(C).

{¶6} Appellant assigns one error:

{¶7} "JUDGE JOSEPH STATED THAT HE WILL LOOK INTO THE LAWS THAT AFFECT THIS CASE, AND I BELIEVE WHAT HE DID WAS DISPOSE OF THIS CASE WITHOUT THE RESEARCH REQUIRED TO COME TO A JUST DECISION."

{¶8} Appellant specifically argues that he was not given a written estimate by appellee as required by R.C. 4513.68, his personal items were not returned in violation of R.C. 4513.61(C)(2), and the vehicle was not released to him as required by R.C. 4513.69.

{¶9} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Company,* 54 Ohio St.2d 279, 376 N .E.2d 578, syllabus (1978). As the trier of fact is in the best position to view the witnesses and their demeanor, in making a determination that a judgment is against the manifest weight of the evidence, this Court must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. *Shemo v.. Mayfield Hts.,* 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000).

{¶10} After hearing the testimony of both parties, the trial court specifically found that appellee did not refuse to return appellant's truck, did not charge a rate prohibited by law and did not damage appellant's truck. The Statement of Evidence does not

demonstrate that this judgment is against the manifest weight of the evidence, and does not support appellant's claimed error on appeal. Although appellant attached documents to his brief to support his argument, these documents are not a part of the record on appeal, as they were not presented as evidence at the hearing before the trial court. Based on the state of the record before this Court, the assignment of error is overruled.

{¶11} The judgment of the Zanesville Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.