OPINION
{¶ 1} This is an appeal from the granting of a stalking Civil Protection Order against Respondent-Appellant by the Ashland County Court of Common Pleas.
 {¶ 2} Petitioner-Appellee has not filed a brief in this matter.
STATEMENT OF THE FACTS AND CASE
 {¶ 3} On September 11, 2002, the Ashland County Common Pleas Court granted an ex parte stalking civil protection order on behalf of Petitioner-Appellee Jennifer Olenik.
 {¶ 4} On September 24, 2002, a full hearing was conducted and the Magistrate granted the stalking civil protection order, attaching findings of fact and conclusions of law.
 {¶ 5} On October 9, 2002, Respondent-Appellant filed an objection to the Magistrate's Decision.
 {¶ 6} On November 21, 2002, Judge Runyan issued an Order upholding the Magistrate's Decision, finding sufficient evidence existed to support the finding of mental distress caused by the conduct of Respondent-Appellant toward Petitioner-Appellee.
 {¶ 7} It is from this decision which Respondent-Appellant appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 8} "I. THE TRIAL COURT ERRED WHEN IT APPLIED THE PREPONDERANCE STANDARD OF PROOF AS TO THE ELEMENTS OF THE CRIMINAL CHARGES OF MENACING BY STALKING, ORC § 2903.211, IN GRANTING A STALKING CIVIL PROTECTION ORDER PURSUANT TO ORC § 2903.214."
 {¶ 9} "II. FURTHER, THE TRIAL COURT ERRED WHEN IT DETERMINED THERE EXISTED SUFFICIENT EVIDENCE TO SUPPORT A FINDING OF MENTAL DISTRESS KNOWINGLY CAUSED BY THE CONDUCT OF THE RESPONDENT TOWARD THE PETITIONER AS THE FINDINGS THAT THE RESPONDENT "KNOWINGLY CAUSED" MENTAL DISTRESS AND THE FINDING OF MENTAL DISTRESS ITSELF WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW AND AN ABUSE OF DISCRETION."
 I. {¶ 10} In her first assignment of error, Appellant argues that the trial court applies the wrong standard of proof when it granted the civil protection order. We disagree.
 {¶ 11} Appellant argues that he trial court applied a "preponderance of the evidence" standard when it should have applied a "proof beyond a reasonable doubt" standard.
 {¶ 12} Revised Code § 2903.214, which governs the issuance of stalking civil protection orders, provides in relevant part:
 {¶ 13} "(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state both of the following:
 {¶ 14} "(1) An allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order, including a description of the nature and extent of the violation;
 {¶ 15} "(2) A request for relief under this section."
 {¶ 16} We note that R.C. § 2903.214 is silent with respect to the burden of proof that a petitioner must meet before a stalking civil protection order will be issued. However, the Supreme Court of Ohio has held in a similar situation that when granting a civil protection order pursuant to R.C. § 3113.31, "the trial court must find that petitionerhas shown by a preponderance of the evidence that petitioner * * * [is] in danger of domestic violence." Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus.
 {¶ 17} After reviewing R.C. § 3113.31, we believe the same logic would be applicable to a stalking civil protection order issued under R.C. § 2903.214. See, also, Tuuri v. Snyder (April 30, 2002), Geauga App. No. 2000-G-2325, 2002-Ohio-2107, Lindsay v. Jackson (Sept. 8, 2000), Hamilton App. No. C-990786, unreported.
 {¶ 18} We therefore find that the trial court did not err in finding that the petitioner had the burden of proving, by a preponderance of the evidence, that she was entitled to a stalking civil protection order.
 {¶ 19} Appellant's first assignment of error is denied.
 II. {¶ 20} In her second assignment of error, Appellant argues that the trial court decision was against the manifest weight of the evidence, contrary to law and an abuse of discretion. We disagree.
 {¶ 21} The decision whether or not to grant a civil protection order is well within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Williams v. McDougal (May 16, 2001), Gallia App. No. 00CA014, unreported. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 22} Moreover, it is well-established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. As the trier of fact is in the best position to view the witnesses and their demeanor, in making a determination that a judgment is against the manifest weight of the evidence, this court is mindful that we must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact.Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10; Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226. In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court findings." State ex rel. Celebrezze v. EnvironmentalEnterprises, Inc. (1990), 53 Ohio St.3d 147, 154. Thus, in the event that the evidence is reasonably susceptible to more than one interpretation, this court must construe it consistently with the lower court's judgment. Gerijo at 226; Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19.
 {¶ 23} As we noted earlier, to be entitled to a stalking civil protection order, the petitioner must show, by a preponderance of the evidence that the respondent engaged in a violation of R.C. § 2903.211, the menacing by stalking statute, against the person seeking the order.
 {¶ 24} Revised Code § 2903.211(A) states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 25} At the hearing, appellee provided a significant amount of evidence showing that a number of threatening incidents took place between August 25, 2002 and September 6, 2002. The trial court found that these incidents constituted threats of bodily harm which individually and collectively caused Appellee mental distress and that Appellee's fear was reasonable in light of same. Moreover, the trial court found appellee's allegations to be credible. The trial court concluded that this conduct was sufficient to cause appellee to believe that appellant would cause her physical harm.
 {¶ 26} Based on the foregoing, we find that the trial court did not err in finding that sufficient evidence existed to support the granting of the stalking civil protection order in the instant case.
 {¶ 27} Appellant's second assignment of error is denied.
 {¶ 28} The decision of the Ashland County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J. and Wise, J. concur.