DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment. The court determined that Jamie J. Utt, defendant below and appellee herein, is no longer liable for any child support arrearages previously assigned to the Washington County Child Support Enforcement Agency (CSEA), appellant. CSEA assigns the following error for our review:
"The trial court erred in ruling that child support arrearages assigned to the state of Ohio had been waived and discharging the defendant/appellee from liability for payment of the same."
 {¶ 2} Appellee and Belinda Utt married on October 13, 1990 in Marietta, Ohio. Two children were born as issue of that marriage, Lacee Nicole Utt (d/o/b/ 8-18-91) and Steven Joe Utt (d/o/b/ 5-17-95). Sometime in 1996, the couple separated and Belinda Utt took physical custody of the children. Apparently, the trial court issued some temporary orders at that time. One of the orders required appellee to pay child support.[1]
 {¶ 3} On January 30, 1997, Belinda Utt filed for divorce and requested, among other things, custody of the minor children. The trial court's June 25, 1997 decree granted the couple a divorce on grounds of incompatibility. The trial court also adopted a "separation agreement" that the couple entered. The agreement specified that the children would remain with their mother. No mention was made in that agreement of child support nor was any child support ordered as part of the divorce decree. Nevertheless, on April 13, 1998 the trial court issued an entry and incorporated the aforementioned child support order into this case.[2]
 {¶ 4} It appears, from the numerous filings in the record, that appellee had little luck maintaining a job and paying his support obligations which, by 2003, exceeded $24,000. Nevertheless, appellee and his ex-wife agreed to forego collecting on those arrearages if he consented to allow her new husband to adopt the children. Belinda Utt waived the support arrearages and appellee consented to the stepfather's adoption of the children.
 {¶ 5} When a formal entry was prepared, however, CSEA objected because, it maintained, that the agreement between appellee and his ex-wife did not affect any arrearages that she had previously assigned to CSEA.[3] The matter came on for hearing on June 2, 2003 and the trial court agreed to review a tape of the hearing in which the agreement was discussed. The court rendered its decision on June 11, 2003 and found that CSEA had agreed "to waive all child support arrearages" and thus could not collect on any prior assignment. This appeal followed.
 {¶ 6} CSEA argues in its assignment of error that the trial court erred in determining that it could not collect on its previous assignment from Belinda Utt. We agree.
 {¶ 7} An assignment is defined as a transfer to another person of the whole of any property or right therein. Black's Law Dictionary (5th
Ed. 1979) 109; also see Witner v. Goodman (1931 C.P.), 28 Ohio N.P. (N.S.) 537. If an assignment is a transfer of rights in property to an assignee, then the assignor loses all of his/her rights in the property by virtue of the assignment. Thus, in the case sub judice, after Belinda Utt assigned a portion of the child support arrearages to CSEA, she lost all right to waive those arrearages. Rather, only CSEA had the legal right to waive any arrearages previously assigned to CSEA.
 {¶ 8} The trial court apparently recognized that fact because it referenced the March 17, 2003 hearing and expressly found that CSEA "agree[d] to waive all support arrearages." We have reviewed the transcript of that hearing, however, and do not find a waiver of the assignment by CSEA. What appears to have been at issue in that hearing was Belinda Utt's waiver of the arrearages owed to her and then a dispute over whether appellee should be charged a processing fee. Again, we find nothing to substantiate that CSEA agreed to waive the arrearages previously assigned to it.
 {¶ 9} Consequently, judgments supported by some competent credible evidence will not be reversed on appeal as being against the manifest weight of the evidence. See Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7,10, 722 N.E.2d 1018; Vogel v. Wells (1991), 57 Ohio St.3d 91, 96,566 N.E.2d 154; C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. In the case at bar, however, we find no evidence that CSEA waived any support arrearages assigned by Belinda Utt.
 {¶ 10} Appellee does not contest the fact that Belinda Utt did not have the authority to waive CSEA's assignment, nor does he claim that the evidence supports the trial court's finding that CSEA waived those arrearages. Instead, appellee contends that the trial court's finding was in the "best interest of the children" because (1) it facilitated the adoption, and (2) in any event, appellee has no money to pay the assigned arrearages. We are not persuaded.
 {¶ 11} First, nothing in our ruling today pertains to the children's adoption. The agreement between appellee and his ex-wife (consent to the adoption in exchange for her waiving more than $20,000 in child support arrearages) survives. Appellee has avoided liability for the vast majority of his child support obligation and he clearly received a quid pro quo for his consent to the adoption. Perhaps in hind-sight appellee could have considered whether some of the arrearages had been assigned to CSEA before he entered into the agreement, but the fact of the matter is that appellee received what he bargained for (i.e. his ex-wife will not pursue him to collect arrearages owed to her.
 {¶ 12} As for appellee's argument that CSEA should not, in effect, bother trying to collect $2,500 in arrearages that he has no ability to pay, that decision is up to CSEA. Our only concern at this juncture is to determine CSEA's interest in the assignment. Belinda Utt did not possess the authority to waive CSEA's right to collect on that assignment and we find no evidence in the record to support a finding that CSEA waived the right itself.
 {¶ 13} For these reasons, the assignment of error is well-taken and is hereby sustained. We reverse the trial court's judgment and remand the case to the trial court for preparation of an entry to reflect that appellee's child support liability is terminated only with respect to the unassigned arrearages owed his ex-wife and not with respect to the arrearages previously assigned to CSEA. Judgment reversed and case remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J., concur in Judgment Opinion.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] No copy of that order is included in the record of this case, but both sides, and the trial court, refer to that order and do not challenge the order's existence.
[2] The court also incorporated a previous "seek work order" that had been issued against the appellee. Here again, no copy of that order is included in the original papers of this case.
[3] Although we have found no formal written assignment of any arrearages in the original papers of this case, several references appear in the record to $2,557 being assigned to CSEA.